Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues to recover the sum of $19,150.00 which he claims for overtime on certain buildings he was required to construct under his original contract with the defendant for a unit price'per building.
*265 Plaintiff’s original contract was for the construction of sixty-sis (66) mobilization buildings for the Air Support Command Base, situated adjacent to the Fort Dix Airfield at Fort Dix, New Jersey. The estimated cost of the work was $557,019.00. Later, it became necessary to considerably revise the contract, and Supplemental Agreement No. 1 was entered into, and Change Order No. 2 was issued. These increased the contract price by $132,263.05.
This supplemental agreement materially changed thirty-eight (38) of the original buildings provided for in the original contract, and added seven (7) entirely new buildings to replace four (4) buildings called for in the original contract hut which were deleted by the supplemental contract. Twenty-four (24) of the buildings in the original contract were unchanged except as to elevation and location.
Supplemental Agreement No. 1 and Change Order No. 2 included an amount of $29,382.00 for overtime wages for the prime contractor and his subcontractors in the construction of the new and changed buildings, but it did not include anything for overtime wages in the construction of the twenty-four (24) buildings which were unchanged, except as to elevation and location. It is for overtime wages on these twenty-four (24) buildings, which plaintiff says amounts to $19,150.00, for which he sues.
Plaintiff is not entitled to recover.
First, he agreed to Supplemental Agreement No. 1 and accepted Change Order No. 2, without any written reservation, protest or exception. He has been paid in accordance with their terms. Second, the claim which he presented for this $19,150.00 was denied by the contracting officer, and no appeal was taken to the head of the department. Third, at plaintiff’s request, his claim was referred to the General Accounting Office, and by this office it was denied in three successive decisions. Fourth, the Commissioner of this Court has found, and the Court has found that neither the contracting officer nor other responsible officials of the defendant acted arbitrarily or unreasonably, but that, on the contrary, they made an honest effort to equitably adjust the differences *266 between the parties. Certainly there is no evidence whatever of any conscious wrongdoing on the part of the contracting officer or other Government official. See Wunderlich v. United States, 117 C. Cls. 92; 342 U. S. 98.
Plaintiff’s petition is dismissed.
Howell, Judge; MaddeN, Judge; Littleton, Judge; and Jones, Chief Judge, concur.